## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 07 2018, 8:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Megan Shipley
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sylvester Demus,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | March 7, 2018<br><br>Court of Appeals Case No.<br>49A04-1709-CR-2002<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Jeffrey L. Marchal, Magistrate<br><br>Trial Court Cause No.<br>49G06-1610-F5-39427 |

**Baker, Judge.**

[1] Sylvester Demus appeals his convictions for Level 5 Felony Domestic Battery[1] and Level 5 Felony Battery,[2] arguing that the convictions violate the prohibition against double jeopardy. The State concedes the issue, and we agree. We reverse in part and remand with instructions to vacate Demus's Level 5 Felony Battery conviction and resentence accordingly.

[2] On September 30, 2016, Demus hit his wife with an object, pushed her onto their bed, pinned her down, and threatened to kill her. The State filed eight criminal charges against Demus, including intimidation, domestic battery, and battery. The battery and domestic battery convictions were both enhanced to Level 5 felonies based on the same prior conviction. Furthermore, the State concedes that it "did not distinguish the facts that supported the domestic battery from the facts that supported the battery in its closing arguments." Appellee's Br. p. 5. After a jury trial, the jury hung on several counts but found Demus guilty of Level 6 felony domestic battery, Level 6 felony battery, and Level 6 felony intimidation; Demus then pleaded guilty to the enhancements of the domestic battery and battery counts, raising them both to Level 5 felonies. On August 3, 2017, the trial court sentenced Demus to concurrent sentences of 545 days for each of the three convictions. Demus now appeals.

---

[1] Ind. Code § 35-42-2-1.3.

[2] I.C. § 35-42-2-1.

[3] Two convictions violate the double jeopardy clause of the Indiana Constitution if there is "a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Richardson v. State*, 717 N.E.2d 32, 53 (Ind. 1999). Here, there is a reasonable possibility that the jury used the same facts to find Demus guilty of both domestic battery and battery "because the charging information was generic and the State did not untangle the evidence. Each conviction was also enhanced by the same prior conviction." Appellee's Br. p. 6 (internal citation omitted).[3] Therefore, these convictions violate the prohibition against double jeopardy.

[4] In some cases, we could ameliorate a double jeopardy violation by reducing one of the convictions to a misdemeanor. But the State acknowledges that in this case, even if we did so, Demus's convictions "would still violate the common law double jeopardy principles that survived *Richardson*." *Id.* n.1 (citing *Richardson*, 717 N.E.2d at 56 (Sullivan, J., concurring)); *Guyton v. State*, 771 N.E.2d 1141, 1143 (Ind. 2002). Therefore, one of Demus's convictions must be vacated altogether. Without the enhancements, battery is a Class B misdemeanor and domestic battery is a Class A misdemeanor, so if the enhancement were to be vacated on post-conviction review, battery would have less severe penal consequences. Accordingly, we direct the trial court to vacate

---

[3] The State notes that while Demus pleaded guilty to the enhancements, he did not waive his right to raise double jeopardy on appeal because he did not bargain for a benefit. Appellee's Br. p. 6 (citing *Crider v. State*, 984 N.E.2d 618, 623-24 (Ind. 2013)).

Demus's battery conviction and resentence him accordingly. *See Richardson*, 717 N.E.2d at 54-55 (noting that when faced with a double jeopardy violation, we generally vacate the conviction with the less severe penal consequences).

[5] The judgment of the trial court is reversed in part and remanded with instructions to vacate the battery conviction and resentence Demus accordingly.

Kirsch, J., and Bradford, J., concur.